**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| HOLD THIS, INC. | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| GEARLAUNCH, INC.; and | ) | |
| DOE 1 D/B/A DLS-STORE.COM | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

## <u>COMPLAINT</u>

COMES NOW Plaintiff Hold This, Inc., d/b/a Goodie Two Sleeves®

("Goodie Two Sleeves") and, for its Complaint against Defendant Gearlaunch,

Inc. ("Gearlaunch") and Defendant Doe DLS-Store.com ("DLS-Store.com")

(collectively "Defendants"), alleges and shows this Honorable Court as follows:

### I.    THE PARTIES

1.  Plaintiff Goodie Two Sleeves® is a domestic corporation organized and

existing under the laws of California with its principal place of business at 9400

Lurine Ave., Suite C2, Chatsworth, California 91311.

2.  Upon information and belief, Defendant Gearlaunch, Inc. is a foreign

corporation organized and existing under the laws of Delaware.  Upon further

information and belief, Defendant Gearlaunch's principal place of business is located at 234 Front Street, Floor 3, San Francisco, California 94111. Defendant Gearlaunch may be served through its registered agent for service of process, Mr. Barrett Summerlin, located at the same address.

3.  Upon information and belief, Defendant Doe DLS-Store.com is a domestic business entity.

4.  Upon information and belief, Defendant Doe DLS-Store.com is a business entity of unknown makeup or anonymous individuals who conduct business throughout the world, including within this judicial district through the operation of its website or e-mail addresses.

5.  Upon information and belief, Defendant Doe DLS-Store.com directly and indirectly engages in the purchase of goods with the intent to cause harm and damage to competitors. Defendant Doe DLS-Store.com uses an anonymous website and e-mail addresses masking their true identities, physical addresses, and other contact information.

6.  Upon information and belief, Defendant Doe DLS-Store.com operates in this fashion to protect its true identity. Plaintiff is presently unaware of the true identity of Defendant Doe DLS-Store.com. Once Plaintiff identifies the entities or individuals of Defendant Doe DLS-Store.com, Plaintiff will amend this

2

complaint.

7.   Upon further information and belief, Defendant Gearlaunch owns or operates Gearlaunch.com and provides printing, shipping, and customer service for Defendant Doe DLS-Store.com.  Upon further information and belief Defendant Doe DLS-Store.com has hired Defendant Gearlaunch to provide the electronic internet-based storefront for Defendant DLS-Store.com.

## II.    JURISDICTION AND VENUE

8.   This is an action against Defendants for both trademark and copyright infringement.

9.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, in that it involves claims arising under the laws of the United States and specifically involves the Lanham Act (15 U.S.C. § 1125(a)) and the Copyright Act (17 U.S.C. §501 et seq.).

10. This Court has supplemental jurisdiction over Plaintiff's California state-law claims pursuant to 28 U.S.C. § 1367, in that the state law claims are integrally-related to the federal claims and arise from a common nucleus of operative facts, such that the resolution of all claims herein is in the interests of judicial economy.

11. The Court has personal jurisdiction over Defendants because their

3

principal places of business are located within this judicial district.

12. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391.

## III.  INTRODUCTION

13. Mr. Gabe Connor, founder and owner of Plaintiff Hold This, Inc., d/b/a Goodie Two Sleeves, operates a commercial website, www.shopgoodie.com. Plaintiff Goodie Two Sleeves markets its commercial website with the tagline "Clean Funny T-Shirts," and specializes in creating, producing, and selling funny t-shirts.  https://www.shopgoodie.com/ (last visited Nov. 8, 2017).  Plaintiff Goodie Two Sleeves maintains a "Keep It Clean," motto and pride themselves on selling only clean, funny t-shirts.  *Id.*

14. As part of their production of clean, funny t-shirts, Plaintiff Goodie Two Sleeves creates two-dimensional works of art.  Some of those works relate to a sad Tyrannosaurus Rex character ("Sad T-Rex") and depicted below.



| If you're happy & you know it clap your…oh | Sad T-Rex | Row, row, row your…oh |
|---|---|
| Unstoppable Dinosaur | Worst Drummer Ever Dino |

15. Plaintiff Goodie Two Sleeves strives to be an ethical producer of clean, funny t-shirts and strictly honors the intellectual property of others. Plaintiff

5

Goodie Two Sleeves goes to great lengths to ensure that proper licensing arrangements are made before producing any t-shirt with another person's or entity's intellectual property.  https://www.shopgoodie.com/brands (last visited Nov. 8, 2017).

## IV.   GOODIE TWO SLEEVES'S FEDERALLY REGISTERED TRADEMARKS

16. Plaintiff protects its trademarks and associated goodwill through federal registration and common law protection.

### A.  US Trademark No. 5,081,337 (If you're happy & you know it clap your…oh)

17. Plaintiff Goodie Two Sleeves owns US Trademark No. 5,081,337 ("'337 Trademark") and all goodwill associated with "If you're happy & you know it clap your . . . oh."  A true and accurate copy of the '337 Trademark is attached hereto as Exhibit A.

18. Importantly, the Registered Trademark pertains to International Class 25 and is used in commerce.  *See* US Trademark No. 5,081,337 ("Clothing, namely, casual wear consisting of tshirts, sweatshirts, youth tees, one piece garment for infants and toddlers, and wrist bands").

### B.  US Trademark No. 5,086,298 (row, row, row your…oh)

19. Plaintiff Goodie Two Sleeves owns US Trademark No. 5,086,298 ("'298

6

Trademark") and all goodwill associated with "row, row, row your . . . oh."  A true and accurate copy of the '298 Trademark is attached hereto as Exhibit B.

20. Importantly, the Registered Trademark pertains to International Class 25 and is used in commerce.  *See* US Trademark No. 5,086,298 ("Clothing, namely, casual wear consisting of tshirts, sweatshirts, youth tees, one piece garment for infants and toddlers, and wrist bands").

### C.  Common Law Trademark

21. Plaintiff also owns and has continuously used in commerce its other slogans and logos ("Common Law Trademark").  Plaintiff has consistently used the superscript "TM" after its trademark.  *See e.g.*,

http://www.goodietwosleeves.com/ (last visited Nov. 21, 2017), Exhibit C.

22. The '337 Trademark, '298 Trademark, and Common Law Trademark shall be referred to collectively as the "Plaintiff's Trademarks."

## V.   GOODIE TWO SLEEVES' FEDERALLY REGISTERED COPYRIGHTS

23. To protect their original works, Plaintiff Goodie Two Sleeves has applied for copyrights, and the US Copyright Office has registered the works.

### A.  Copyright Registration No. of VA 1-882-368 "Sad T Rex"

24. One of the pieces of artwork is titled "Sad T Rex" and has a Copyright Registration Number of VA 1-882-368 ("'368 Copyright").  The US Copyright

Office granted registration to the work on April 26, 2013.  A true and accurate copy of the certificate of registration is attached hereto as Exhibit D, and a true and accurate copy of the deposit work for VA 1-882-368 is attached hereto as Exhibit D1.

### B.  Copyright Registration No. is VA 2-010-547 "row, row, row your…oh"

25. Similarly, Plaintiff Goodie Two Sleeves created, and the US Copyright Office granted registration to, "row, row, row your . . . oh" on April 15, 2016.  Its Copyright Registration Number is VA 2-010-547 ("'547 Copyright").  A true and accurate copy of the certificate of registration is attached hereto as Exhibit E, and a true and accurate copy of the deposit work for VA 2-010-547 is attached hereto as Exhibit E1.

26.  The '368 Copyright and the '547 Copyright shall be referred to collectively as the "Registered Copyrights."

27. Plaintiff Goodie Two Sleeves's Registered Copyrights are registered under Title 17 of the United States Code (Copyright Act of 1976), and all other United States laws governing copyrights.

28. Plaintiff Goodie Two Sleeves is the owner by assignment of all right, title and interest in and to the Registered Copyrights, including all those identified in

the preceding paragraphs and all those at issue in this action.

29. The Registered Copyrights are presently valid and subsisting, were valid and subsisting from the moment of their creation, and all conditions precedent to the filing of this suit have occurred.

## VI. DEFENDANTS' OPERATIONS

30. Upon information and belief, Defendant Gearlaunch owns and operates the website gearlaunch.com.  https://www.gearlaunch.com/ (last visited Jan. 17, 2018), Exhibit F.

31. Upon information and belief, Defendant Doe DLS-Store.com owns and operates the website dls-store.com, which offers for sale and sells apparel with all-over-prints and emblazoned drinkware.  https://dls-store.com/ (last visited Nov. 21, 2017), Exhibit G.

32. Upon information and belief, Defendants photograph their apparel and drinkware, electronically store the photographs, and display them on their website.[1]

33. Upon information and belief, Defendants began offering apparel and drinkware for sale and sold drinkware apparel ("Accused Goods") featuring one

---

[1] https://dls-store.com  (last visited Nov. 8, 2017).

or more of the Plaintiff's Trademarks and Registered Copyrights ("Registered Intellectual Property").

34. Upon further information and belief, the Accused Goods featured exact reproductions of one or more of the Registered Intellectual Property.  For example, the following images depict the Registered Intellectual Property (left) and Defendants' Accused Goods (right).

| Registered Intellectual Property | Defendants' Accused Goods |
| --- | --- |
|  |  |

| Registered Intellectual Property | Defendants' Accused Goods |
|---|---|





| Registered Intellectual Property | Defendants' Accused Goods |

| Registered Intellectual Property | Defendants' Accused Goods |
| --- | --- |



| Registered Intellectual Property | Defendants' Accused Goods |
|---|---|
|  | |

## VII.   ORDERING FROM DEFENDANTS

35. Upon information and belief, Defendant Doe DLS-Store.com displayed its Accused Goods on its publicly-accessible Internet website.

36. When a consumer desires to purchase apparel from Defendant Doe DLS-Store.com's website, he reviews or searches for those items.  After identifying desired apparel, the consumer selects one for purchase by selecting a size and adding it to a virtual cart.

37. The consumer enters his billing address and payment method.  Finally, the consumer places his order and pays Defendant Doe DLS-Store.com directly or through a major credit card company.  https://dls-

14

store.com/ifyourehappy?rt=storefront&rp=t-rex1&rn=Funny%20T-Rex%20Shirt&s=hanes-5250&c=Black&p=FRONT  (last visited Nov. 8, 2017)

(accepting Visa, MasterCard, American Express, Discover, and PayPal).

38. Upon information and belief, Defendants next verify the order and

packages it for delivery.

39. Upon information and

belief, Defendants ship the

apparel directly to the

consumer, for example:

40. Upon information and

belief, Defendants' apparel

arrives in shipping materials

identifying Defendants.



## VIII.    RECEIVING DEFENDANTS' ACCUSED GOODS

41. Although a consumer places an order through the DLS-Store.com website,

Accused Goods are often shipped from both Defendant Gearlaunch or Defendant

DLS-Store.com.

42. For example, this firm submitted an order for several Accused Goods

through the DLS-Store.com website, including apparel and a coffee mug.  *See*

Order #OR_5Y07WM8, Exhibit H.

43. However, Order #OR_5Y07WM8 arrived in Georgia through multiple

shipments from both Defendant Gearlaunch or Defendant DLS-Store.com.

Defendant Gearlaunch shipped one of the

Accused Goods – a coffee mug, which is

shown to the right.  *See* Exhibit I (packaging



from Defendant

Gearlaunch).

Defendant



Gearlaunch also shipped one of the shirts to Georgia,

which is depicted to the left.  *See* Exhibit J (packaging

from Defendant

Gearlaunch).

44. However, part of Order #OR_5Y07WM8

arrived in Georgia from Defendant DLS-Store.com.

*See* Exhibit K (packaging from Defendant DLS-

Store.com).  This shipment included one of the

Accused Goods – a sweatshirt shown to the right.



45. Notably, Defendant Gearlaunch's shipping address is 234 Front Street,

Floor 3, San Francisco, California 94111 and Defendant DLS-Store.com's shipping address is 234 Front St, San Francisco, California 94111. *Compare* Exhibit J (packaging from Defendant Gearlaunch) *with* Exhibit K (packaging from Defendant DLS-Store.com).

## IX.  DEFENDANTS' TRADEMARK INFRINGEMENT

46. Defendants' use of Plaintiff's Trademarks violates the Lanham Act and constitutes trademark infringement.  Defendants are also liable for unfair competition under the Lanham Act.

47. Defendants' use of the Plaintiff's Trademarks is likely to cause confusion. For example, Plaintiff Goodie Two Sleeves and Defendant Doe DLS-Store.com both offer similar items on the world wide web.  Further, Defendants' use of Plaintiff's Trademarks has caused actual confusion amongst purchasers.

48. Defendants have used Plaintiff's Trademarks without consent.

## X.  DEFENDANTS' COPYRIGHT INFRINGEMENT

49. The unlawful use, display, manufacture, distribution, and/or importation of the Accused Goods constitutes infringement of Goodie Two Sleeves's intellectual property rights, including, without limitation, Goodie Two Sleeves's Registered Copyrights.

50. As the owner of the registered copyright in the Goodie Two Sleeves works,

Goodie Two Sleeves has an interest in protecting its rights against such copyright infringement.

51. As a result of Defendants' foregoing conduct, Goodie Two Sleeves has suffered significant harm and loss.

52. Defendants profited directly from and had a direct financial interest selling the Accused Apparel.  https://dls-store.com/ifyourehappy?rt=storefront&rp=t-rex1&rn=Funny%20T-Rex%20Shirt&s=hanes-5250&c=Black&p=FRONT (last visited Nov. 8, 2017).

53. Defendants have used Plaintiff's Copyrights without consent.

## XI.    CAUSES OF ACTION

### COUNT I:  TRADEMARK INFRINGEMENT UNDER LANHAM ACT (15 U.S.C. § 1114 AND 1125(a)) US Trademark No. 5,081,337

54. Plaintiff Goodie Two Sleeves re-alleges paragraphs 1 through 22 and 30 through 48 of this Complaint as if set forth in full herein.

55. Plaintiff Goodie Two Sleeves is the current, active, and exclusive owner of the '337 Trademark, a valid and legally protected trademark.  The trademark is active and have not been revoked or canceled.

56. Defendants, without authorization, has used and is continuing to use the '337 Trademark in interstate commerce.

18

57. Defendants' foregoing acts are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' items are genuine or authorized Plaintiff Goodie Two Sleeves products.

58. Upon information and belief, Defendants have acted with knowledge of Plaintiff Goodie Two Sleeves' ownership of the '337 Trademark and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the '337 Trademark.

59. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which it they are not in law or equity entitled.

60. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

61. Defendants' acts have damaged and will continue to damage Plaintiff Goodie Two Sleeves, and Plaintiff has no adequate remedy at law.

62. As a result of Defendants' conduct, Plaintiff Goodie Two Sleeves has suffered damages that include but are not limited to lost sales of its product, trademark infringement and dilution, and damage to Plaintiff Goodie Two Sleeves' existing and potential business relations, together with costs of this

action.

63. In addition, pursuant to 15 U.S.C. § 1117(a), Plaintiff Goodie Two Sleeves is entitled to an award of attorneys' fees since Defendants' acts are willful, intentional, and egregious, making this an exceptional case.

**COUNT II:  TRADEMARK INFRINGEMENT UNDER
LANHAM ACT (15 U.S.C. § 1114 AND 1125(a))
US Trademark No. 5,086,298**

64. Plaintiff Goodie Two Sleeves re-alleges paragraphs 1 through 22 and 30 through 48 of this Complaint as if set forth in full herein.

65. Plaintiff Goodie Two Sleeves is the current, active, and exclusive owner of the '298 Trademark, a valid and legally protected trademark.  The '298 Trademark is active and has not been revoked or canceled.

66. Defendants, without authorization, has used and is continuing to use the '298 Trademark in interstate commerce.

67. Defendants' foregoing acts are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' items are genuine or authorized Plaintiff Goodie Two Sleeves products.

68. Upon information and belief, Defendants have acted with knowledge of Plaintiff Goodie Two Sleeves' ownership of the '298 Trademark and with

deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the '298 Trademark.

69. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which it they are not in law or equity entitled.

70. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

71. Defendants' acts have damaged and will continue to damage Plaintiff Goodie Two Sleeves, and Plaintiff has no adequate remedy at law.

72. As a result of Defendants' conduct, Plaintiff Goodie Two Sleeves has suffered damages that include but are not limited to lost sales of its product, trademark infringement and dilution, and damage to Plaintiff Goodie Two Sleeves' existing and potential business relations, together with costs of this action.

73. In addition, pursuant to 15 U.S.C. § 1117(a), Plaintiff Goodie Two Sleeves is entitled to an award of attorneys' fees since Defendants' acts are willful, intentional, and egregious, making this an exceptional case.

## COUNT III:  COMMON LAW TRADEMARK INFRINGEMENT

74. Plaintiff Goodie Two Sleeves re-alleges paragraphs 1 through 22 and 30

through 48 of this Complaint as if set forth in full herein.

75. Plaintiff Goodie Two Sleeves is the current, active, and exclusive owner of the Common Law Trademark, a valid and legally protected trademark. The Common Law Trademark is active and has not been revoked or canceled.

76. Defendants, without authorization, has used and is continuing to use the Common Law Trademark in interstate commerce.

77. Defendants' foregoing acts are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' items are genuine or authorized Plaintiff Goodie Two Sleeves products.

78. Upon information and belief, Defendants have acted with knowledge of Plaintiff Goodie Two Sleeves' ownership of the Common Law Trademark and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Common Law Trademark.

79. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which it they are not in law or equity entitled.

80. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

22

81. Defendants' acts have damaged and will continue to damage Plaintiff Goodie Two Sleeves, and Plaintiff has no adequate remedy at law.

82. As a result of Defendants' conduct, Plaintiff Goodie Two Sleeves has suffered damages that include but are not limited to lost sales of its product, trademark infringement and dilution, and damage to Plaintiff Goodie Two Sleeves' existing and potential business relations, together with costs of this action.

## COUNT IV:  COPYRIGHT INFRINGEMENT
## Copyright Registration No. VA 1-882-368

83. Plaintiff Goodie Two Sleeves re-alleges paragraphs 1 – 15, 30 through 45, and 49 through 53 of this Complaint as if set forth in full herein.

84. Goodie Two Sleeves is the owner of valid copyright registration VA 1-822-368.

85. Goodie Two Sleeves has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. §§ 101 et seq., and all other laws governing copyright to secure the exclusive rights and privileges in and to the copyright.

86. Defendants, through their agent(s), vendor(s), officer(s), and/or employee(s), modified Defendants' website to cause the copying, use and distribution of the Accused Goods.

87. Defendants have infringed Goodie Two Sleeves's copyright in the "Sad T Rex" work by scanning, copying, reproducing, and displaying unauthorized copies thereof within the United States of America in violation of 17 U.S.C. § 101, et seq.

88. Defendants have infringed Goodie Two Sleeves's copyright in the "Sad T Rex" work by offering for sale unauthorized copies thereof, and by selling same within the United States of America, and profiting thereby in violation of 17 U.S.C. § 101, et seq.

89. Defendants have infringed Goodie Two Sleeves's copyright in the "Sad T Rex" work by importing into the United States of America unauthorized copies thereof, and profiting thereby in violation of 17 U.S.C. § 101, et seq.

90. Defendants are aware of Plaintiff's rights. Accordingly, Defendants' infringement has been willful.

91. As a result of Defendants' above-described acts of copyright infringement, Goodie Two Sleeves has sustained damages including lost licensing revenue in an amount not yet ascertained, and Defendants have earned profits that should be disgorged to Goodie Two Sleeves.

92. Because Defendants own, operate and/or control their websites, Defendants also had the right and ability to supervise and control the

infringement and infringer by virtue of their ownership and control of their own website, but failed to do so.

## COUNT V:  COPYRIGHT INFRINGEMENT
## Copyright Registration No. VA 2-010-547

93. Plaintiff Goodie Two Sleeves re-alleges paragraphs 1 – 15, 30 through 45, and 49 through 53 of this Complaint as if set forth in full herein.

94. Goodie Two Sleeves is the owner of valid copyright registration VA 2-010-527.

95. Goodie Two Sleeves has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. §§ 101 et seq., and all other laws governing copyright to secure the exclusive rights and privileges in and to the copyright.

96. Defendants, through their agent(s), vendor(s), officer(s), and/or employee(s), modified Defendants' website to cause the copying, use and distribution of the Accused Goods.

97. Defendants have infringed Goodie Two Sleeves's copyright in the "row, row, row your…oh" work by scanning, copying, reproducing, and displaying unauthorized copies thereof within the United States of America in violation of 17 U.S.C. § 101, et seq.

98. Defendants have infringed Goodie Two Sleeves's copyrights in the "row,

row, row your…oh" work by offering for sale unauthorized copies thereof, and by selling same within the United States of America, and profiting thereby in violation of 17 U.S.C. § 101, et seq.

99. Defendants have infringed Goodie Two Sleeves's copyrights in the "row, row, row your…oh" work by importing into the United States of America unauthorized copies thereof, and profiting thereby in violation of 17 U.S.C. § 101, et seq.

100. Defendants are aware of Plaintiff's rights. Accordingly, Defendants' infringement has been willful.

101. As a result of Defendants' above-described acts of copyright infringement, Goodie Two Sleeves has sustained damages including lost licensing revenue in an amount not yet ascertained, and Defendants have earned profits that should be disgorged to Goodie Two Sleeves.

102. Because Defendants own, operate and/or control their websites, Defendants also had the right and ability to supervise and control the infringement and infringer by virtue of their ownership and control of their own website, but failed to do so.

## XII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Goodie Two Sleeves respectfully prays for the following relief:

A.     That the Court issue an injunction requiring Defendants, their officers, agents, servants and employees be enjoined and restrained from

(1) using in any manner Plaintiff's Trademarks, or any confusing similar to or colorable imitation of the Plaintiff's Trademarks;

(2) doing any act or thing that is calculated or likely to cause confusion or mistake in the minds of members of the public or prospective customers of Plaintiff or the Accused Goods as to the source of the products or services offered for sale, distributed, or sold, or that is likely to deceive members of the public, or prospective customers, into believing that there is some connection, affiliation, or sponsorship between Defendants and Plaintiff;

(3) Advertising, marketing, or offering to sell Plaintiff's Products in any source, including any internet search engine provider, or in any manner on Defendants' website, or Amazon.com storefront; or

(4) Publishing, displaying, distributing, disseminating or using, or permitting or entering into or performing any agreement for the publication, display, distribution, or use of Plaintiff's trademarked names.

B.       That the Court enter judgment and order as part of the injunction Defendants be directed to file with this Court and serve on Plaintiff within thirty days after issuance of the injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

C.       That as a further part of the injunction Defendants be required to deliver up and destroy all things bearing Plaintiff's Trademarks in any manner, or product configuration that is confusingly similar to or a colorable imitation of Plaintiff's Trademarks;

D.       That Defendants remove all infringing copies of Plaintiff's works from their inventory and be permanently enjoined from infringement of Plaintiff's copyrighted works in the future;

E.       That the Court enter judgment in the amount of Plaintiff's trademark infringement damages, Defendants' profits, Plaintiff's reasonable attorney fees, and costs of suit;

F.     Plaintiff requests that Defendants be required to pay over to Plaintiff their actual copyright infringement damages sustained, plus all of their direct and indirect profits attributable to the infringements described herein;

G.     Alternatively, because the Registered Copyrights were registered prior to Defendants' infringements, Plaintiff seeks recovery of statutory damages up to $150,000.00 (One Hundred Fifty Thousand Dollars) per infringement.

H.     That the Court grants Plaintiff prejudgment interest and costs;

I.     That the Court enters judgment for enhanced damages under 15 U.S.C. § 1117 and punitive damages under state law as appropriate; and

J.     That the Court grants such other and further relief as the Court may deem just.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury under Federal Rule of Civil

Procedure 39 for all issues triable by jury.

Respectfully submitted, April 1, 2018.


By:    /s/ Jeffrey T. Breloski
       Jeffrey T. Breloski
       Georgia Bar No. 858291
       E-mail:  jbreloski@ATLawip.com


ATLAW*IP* LLC
2065 Compton Way
Johns Creek, Georgia 30022
678.667.3491
770.680.2461 (fax)

                    Attorney for Plaintiff

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1D, the undersigned counsel certify that the foregoing has been prepared in Book Antiqua 13 point, one of the four fonts and points approved by the Court in LR 5.1C.

/s/ Jeffrey T. Breloski
Jeffrey T. Breloski
Georgia Bar No. 858291
E-mail:  jbreloski@ATLawip.com